UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANS HEITMANN and<br>JUDY HEITMANN, | )<br>)<br>) | |
| Plaintiffs, | ) | Case No. 10-cv-0685 |
| v. | )<br>) | Judge John W. Darrah |
| CITY OF CHICAGO and<br>MAYOR RICHARD M. DALEY, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Hans and Judy Heitmann, brought this action against Defendants, the City of Chicago (the "City") and Mayor Richard M. Daley, alleging that their Fourteenth Amendment right to equal protection has been violated by Defendants' refusal to open a city-owned, dedicated alleyway behind Plaintiffs' house. Defendants have moved to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs' claims are barred by the doctrine of *res judicata* and the applicable statute of limitations. Defendants also assert that Plaintiffs have failed to state a claim against Mayor Daley. For the reasons discussed below, Defendants' Motion to Dismiss Plaintiffs' Complaint is granted.

## BACKGROUND

The following facts are taken from Plaintiffs' Complaint and are accepted as true for purposes of this Motion to Dismiss. Additionally, the Court takes judicial notice of

documents filed and orders entered in Plaintiffs' related state-court proceedings and submitted in connection with Defendants' Motion to Dismiss.

Plaintiffs own a home at 6475 N. Nokomis in Chicago, Illinois. They have owned it and paid local property taxes on it for 34 years. The home sits on land that was initially subdivided in 1924. The original subdivision plat shows a dedicated public alleyway along the east portion of Plaintiffs' lot. Today, a portion of the alley remains unopened and unimproved. Plaintiffs' lot is the second lot from the north end of the block. At the other end of the block, the alley has been partially opened and improved by the City of Chicago. Residents at that end of the block enjoy paved access to their garages, lighting, snow removal, and garbage removal in their portion of the alley, all provided by the City of Chicago.

Plaintiffs have a driveway that opens to the street along the northwest edge of their lot, but it is too narrow for them to maneuver their vehicles into their garage. So Plaintiffs applied for a building permit to construct a garage on the back of their lot with access to the alley. A permit issued on May 2, 2005, and describes the permitted work as follows: "ERECT BRICK GARAGE 24X24X15 MAX 2 SQ FT ROOF VENTS. ALLEY DRIVE." (Ex. C to Compl.) Relying on that permit, Plaintiffs spent more than $40,000 to build a garage with overhead doors opening out to the unimproved alley.

After their new garage was completed, Plaintiffs asked the City to open the alley and construct the necessary improvements to allow them to use it as a means of entering and exiting their garage. In July 2006, they made a request through their alderman. Plaintiffs even offered to pay for a portion of the improvements. The City of Chicago

Law Department responded to that request with an opinion letter, stating, "A municipality has no affirmative duty or legal obligation to open a street or alley unless the municipal authorities deem it necessary or the public convenience requires it." (*See* Ex. G to Compl.) Plaintiffs' request was denied.

Plaintiffs' neighbors to the north, as well as several homeowners in the middle of the block, currently use unimproved portions of the alley for non-alley purposes. One neighbor has a garage and a fence that encroach into the alley. Others use the alley as an extension of their backyards. The northern entrance to the unpaved, unopened alley is partially blocked by a large tree and a light pole. Plaintiffs have been able to maneuver around the tree and light pole to pull in and out of their garage.

After the City refused their request, Plaintiffs filed a suit for mandamus in the Circuit Court of Cook County, requesting that the City be ordered to remove the tree and light post and open the alley so Plaintiffs could access their garage. (*See* Ex. 1 to Def. Mot. to Dismiss ("Mandamus Compl.").) The trial court dismissed their suit for failure to plead a viable cause of action, holding that the public alley had never been opened or improved and that the decision as to whether to do so was within the City's discretion. *See Heitmann v. City of Chicago*, No. 07 CH 31970, slip op. at 6 (Mar. 25, 2008) (Ex. 2 to Def. Mot. to Dismiss.)

The trial court's decision was affirmed by the Illinois Appellate Court, which held that there was no evidence or allegation that the City of Chicago had ever opened the alley and that the City therefore had no obligation to clear any obstructions to allow Plaintiffs to access their garage. *Heitmann v. City of Chicago*, No. 1-08-1192, slip op.

3

at 3 (Ill. App. Ct. Mar. 23, 2009) (citing *First Nat'l Bank of Chicago Heights v. City of Chicago Heights*, 381 N.E.2d 446, 450 (Ill. App. Ct. 1978)) (Ex. 3 to Def. Mot. to Dismiss). Plaintiffs then filed a Petition for Rehearing under Supreme Court Rule 367, which was denied on April 17, 2009. (*See* Ex. 5 to Def. Mot. to Dismiss.)

On September 28, 2009, the Chicago Department of Transportation sent Plaintiffs a letter stating that it was aware that Plaintiffs were continuing to assert a right to use the alleyway behind their house after losing their state-court mandamus action, that the tree and light pole belonged to the City, that the City had determined their removal was unwarranted at that time, and that Plaintiffs would not be permitted to remove the tree, relocate the pole, or apply gravel or other driving surface to the alley. (*See* Ex. F to Compl.) The letter also stated that no vehicular traffic would be permitted to traverse the unopened alley. (*Id.*) A copy of the letter was sent to various other departments within the City.

Plaintiffs claim they are denied the same protection, rights, and benefits under the laws and ordinances of the City of Chicago as is enjoyed by other residents on their block, in violation of the Fourteenth Amendment to the Constitution of the United States. Plaintiffs further allege that the loss of the use of their garage caused the market value of their home to decrease by $175,000. Plaintiffs pray for damages and an injunction, "mandating that Defendants open and improve, granting full access to the dedicated alleyway" behind their home and to prohibit Defendants from "the use of punitive ordinances and other local laws against the Plaintiffs prohibiting them from ingress and egress to their garage by use of the subject alleyway." (Compl. p. 9.)

4

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004).

Although *res judicata* is an affirmative defense, it may provide grounds for dismissal under Rule 12(b)(6) for failure to state a claim if a plaintiff pleads himself out of court by establishing the facts that prove the defense.[1] *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). In resolving a motion to dismiss on the grounds of *res judicata*, the court may take judicial notice of matters of public record and documents the plaintiff filed in another court. *See Sledge v. Bellwood Sch. Dist. 88*, No. 09-cv-4186, 2010 WL 1579920, at *4 (N.D. Ill. Apr. 20, 2010) (citations omitted). Any doubt as to what was decided in the earlier action must be resolved against the application of *res judicata*. *LaSalle Nat'l Bank of Chicago v. County of DuPage*, 856 F.2d 925, 931 (7th Cir. 1988) (*LaSalle*).

## ANALYSIS

Defendants move to dismiss Plaintiffs' claim against all Defendants on the basis that it is barred by the doctrine of *res judicata*. Whether a judgment issued by a state court bars a subsequent 42 U.S.C. § 1983 action is a matter of state law. *See Migra v.*

---

[1] Plaintiffs expressly allege that they filed a suit for mandamus in the Circuit Court of Cook County and that the suit was decided adversely to Plaintiffs and affirmed on appeal. (*See* Compl. ¶ 26.)

5

*Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85 (1984). Under Illinois law, "a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action." *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007) (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1989) (*River Park*)). The doctrine bars not only claims or defenses actually raised in the first proceeding but also any other matter that *could* have been raised in that proceeding. *River Park*, 703 N.E.2d at 889; *see also Andersen v. Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir. 1996) ("[O]nce a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.") (citation and internal quotation marks omitted); *Leal v. Krajewski*, 803 F.2d 332, 335 (7th Cir. 1986) (holding that § 1983 claim was barred because it could have been brought in the plaintiff's prior state-court action for wrongful demotion).

The doctrine of *res judicata* applies when the following elements are present: (1) an identity of parties or their privies in both suits; (2) an identity of both causes of action; and (3) a final judgment on the merits in the first suit. *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002) (citing *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001)). Plaintiffs do not dispute that a final judgment was entered in its state mandamus case between Plaintiffs and the City of Chicago. Thus, the only issue in dispute is whether there is sufficient identity between the claims asserted in this case and Plaintiffs' earlier cause of action in state court.

To determine whether there is an identity of causes of action, Illinois typically employs the "transactional test," under which "separate claims will be considered the

same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park*, 703 N.E.2d at 893.

Here, Plaintiffs' equal protection claim arises from the same set of operative facts as their state-court mandamus action. In both cases, Plaintiffs allege that the City has wrongfully refused to open the alley and remove the tree and light pole so that Plaintiffs can access their garage. In both cases, Plaintiffs have alleged that their use and enjoyment of the property has been denied by the City's actions. In both cases, Plaintiffs ask the Court to compel the City to open the alleyway behind Plaintiffs' house.

Plaintiffs rely on the Seventh Circuit's decision in *LaSalle*, in arguing that their claims are not barred by the doctrine of *res judicata*. In *LaSalle*, the plaintiffs brought an action in federal court, alleging a nine-year conspiracy by the defendants to deprive them of the fair use of their land through separate denials of zoning permits, water access, and sewage hookups. *LaSalle*, 856 F.2d at 933. In an earlier case in state court, the same plaintiffs had intervened in an ongoing sewer dispute between other parties; but their complaint was dismissed for lack of standing. *Id.* at 928. The Seventh Circuit held that the dismissal in the state-court action did not bar the plaintiffs from bringing their conspiracy claim in federal court, stating, "While the two suits do have one transaction in common, the present suit is much broader in its scope and involves allegations arising out of several transactions that were not at all in issue in the earlier suit." *Id.* at 933. The court also noted that the case before it was not one in which the plaintiffs were trying to "maintain two suits based on the same set of facts simply by altering the claim for relief

7

from one suit to the next." *Id.* (quoting *Hagee v. City of Evanston*, 729 F.2d 510, 514 (7th Cir. 1984)). Ultimately, the *LaSalle* court determined that the suit before it was "based on a very different factual scenario and a very different theory of recovery" such that the earlier action did not bar plaintiffs from bringing its conspiracy claims in federal court. *Id.*

In an effort to bring their case within the holding in *LaSalle*, Plaintiffs claim this suit is different from their mandamus action because it is based on new facts, arguing that they were unaware "of any conspiracy or untoward action by City officials or other residents as a factual basis for a § 1983 suit in state or federal court" and that they "had no knowledge or belief that any shenanigans between their neighbors and City officials had taken place." (Pl. Opp'n Br. 9.)

Plaintiffs' alleged newly discovered knowledge of these "shenanigans" apparently comes from the letter received from the City's Department of Transportation on September 28, 2009. In that letter, the City states, "Given longstanding policy considerations, neighborhood resistance and budgetary constraints, our department (Transportation) has similarly determined that opening the alley, and ultimately constructing it, for the sole and exclusive use by a single residence on the block, is not advisable." (Ex. F to Compl.) That letter – which is attached as an exhibit to Plaintiffs' Complaint – merely reiterated the City's consistently asserted position that the alley was not open to vehicular traffic and that Plaintiffs were not authorized to remove the tree or light pole. (*See* Ex. F to Compl.) It did not allege any new facts to support an equal-protection claim not available to Plaintiffs at the time they filed their mandamus action.

8

Plaintiffs now assert in their response that the language regarding "neighborhood resistance" supports a claim that the City was conspiring with Plaintiffs' neighbors to violate Plaintiffs' civil rights. However, Plaintiffs have not alleged any such conspiracy in their Complaint. Plaintiffs assert only an equal-protection claim under the Fourteenth Amendment. The basis of their claim is that the City denied them privileges afforded to their neighbors at the other end of the block by refusing to open the alley to Plaintiffs. Although not stated as an equal-protection claim, this same claim was made in Plaintiffs' mandamus action, when Plaintiffs asserted that the alley was open for residents at the other end of the block and demanded that it be opened at their end as well. Unlike *LaSalle*, this case does not present allegations that significantly exceed the scope of their earlier litigation; and Plaintiffs cannot maintain another suit based on the same set of facts upon which another court ruled against them by altering their theory of relief.

Nor does the fact that Plaintiffs did not seek monetary relief in state court, as they do here, prevent application of the doctrine of *res judicata* to their current claims.[2] Indeed, the Seventh Circuit has specifically held that *res judicata* bars § 1983 claims that could and should have been raised in a prior state-court mandamus suit. *See, e.g., Charles Koen & Assocs. v. City of Cairo*, 909 F.2d 992, 998-99 (7th Cir. 1990) (holding that a building owner was barred from bringing due-process and equal-protection claims against the defendant city in federal court notwithstanding the fact that earlier action was

---

[2] Plaintiffs' claim for equitable relief in both cases is the same. In their state suit, Plaintiffs sought a writ of mandamus compelling the City to "remove the tree and relocate the light pole . . . so as to permit usage of the alley." (Mandamus Compl. p. A-13 ¶ a.) Here, Plaintiffs seek an injunction "mandating that Defendants open and improve . . . the dedicated alleyway" and prohibiting the use of laws inhibiting Plaintiffs' access to the alleyway. (Compl. p. 9 ¶ B.)

9

for mandamus, not monetary relief); *Wozniak v. County of DuPage*, 834 F.2d 677, 682 (7th Cir. 1988) (holding that plaintiff who brought mandamus action in state court to compel issuance of excavation permit was barred in federal proceeding from bringing § 1983 claim for damages resulting from failure to issue permit). These decisions are in accord with Illinois law. *See, e.g., Edwards v. City of Quincy*, 464 N.E.2d 1125, 1130-31 (Ill. App. Ct. 1984) (holding that suit to obtain building permit was same cause of action as second suit for damages resulting from denial of permit, notwithstanding difference in relief sought).

Regardless of how or where it is presented, Plaintiffs' claim is simple: Plaintiffs want the City to open the alley behind their house, as the City has done for other homeowners on the opposite end of the alley, or pay them for what they allege to be a loss in the market value of their home due to the City's refusal to do so. A state court determined that the City was under no obligation to open its own alleyway based on Plaintiffs' claim. A state appellate court affirmed that decision. Plaintiffs now ask this Court to consider the same issue and reach the opposite conclusion under a different theory. The doctrine of *res judicata* prohibits this Court from considering that request. Plaintiffs' claims are barred. The issue has been decided.[3]

This holding applies with equal force to Plaintiffs' claim against Mayor Daley, even though Mayor Daley was not a party to Plaintiffs' mandamus action in state court. *Res judicata* can act as a bar to claims asserted not only against those parties specifically represented in a prior action but to persons who were in privity with those parties as well.

---

[3] Because the issue of *res judicata* is dispositive, Defendants' argument that Plaintiffs' claim is barred by the statute of limitations need not be addressed.

Plaintiffs concede that there is an identity between the City and Mayor Daley, its chief executive officer. Accordingly, Plaintiffs' claim against Mayor Daley is also barred by the doctrine of *res judicata*.[4]

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is granted. Plaintiffs' Complaint is dismissed as to all Defendants.

Date: August 19, 2010

JOHN W. DARRAH
United States District Court Judge

---

[4] Furthermore, when all reasonable inferences are construed in Plaintiffs' favor, there is nothing to suggest that Mayor Daley took any direct action with respect to Plaintiffs or the alleyway behind their house. Instead, Plaintiffs merely allege that Mayor Daley violated their constitutional rights because, "in his capacity as the Mayor of the City of Chicago, he is presently enforcing the laws, customs, practices and policies complained of in this action." (Compl. ¶ 3.) This is not a basis for liability. The doctrine of *respondeat superior* does not apply to § 1983 claims; to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In response to Defendants' Motion to Dismiss, Plaintiffs assert that Mayor Daley is a necessary party under Federal Rule of Civil Procedure 19 because the injunctive relief sought by Plaintiffs would require "that all members of the executive branch, including the Chief Executive Officer, Mayor Richard M. Daley, be bound by injunction barring enforcement directed toward them." (Pl. Opp'n Br. 15.) Plaintiffs offer no support for this position, which, if accepted, would require joinder of every executive in every City department remotely involved with the dedication, construction, and maintenance of alleyways.